**Opinion issued May 19, 2022**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-21-00638-CV

———————————

**DARLENE KOFFEY SMITH A/K/A KOFFEY DARLENE SMITH AND A/K/A KOFFEY SMITH EL-BEY, Appellant**

**V.**

**PEGGY RUTH WILLIAMS ON BEHALF OF THE ESTATE OF ROBERT C. WILLIAMS, DECEASED, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1172187**

---

### MEMORANDUM OPINION

Appellant, Darlene Koffey Smith, also known as Koffey Darlene Smith and also known as Koffey Smith El-Bey, filed a notice of appeal of the trial court's September 3, 2021 final judgment. We dismiss the appeal for lack of jurisdiction.

Generally, a notice of appeal is due within thirty days after the trial court signs its judgment. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the judgment is signed if, within thirty days after the judgment is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party files a notice of appeal and a motion for extension of time to file a notice of appeal that complies with Texas Rule of Appellate Procedure 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3.

Here, the trial court signed the final judgment on September 3, 2021. The record does not reflect that any post-judgment motions extending the notice-of-appeal deadline were filed. Appellant's notice of appeal was due within thirty days after the trial court's judgment was signed—on or before October 4, 2021—or by October 19, 2021, with a fifteen-day extension. *See* TEX. R. APP. P. 4.1(a), 26.1, 26.3. Appellant filed her notice of appeal on November 15, 2021.

Without a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1. On April 19, 2022, the Clerk of this Court notified appellant that her appeal was subject to dismissal for lack of jurisdiction unless, by May 3, 2022, appellant filed a written response demonstrating that this Court has

jurisdiction over her appeal.  *See* TEX. R. APP. P. 42.3(a).  Appellant did not adequately respond.

Accordingly, we dismiss the appeal for lack of jurisdiction.  *See* TEX. R. APP. P. 42.3(a), 43.2(f).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.